McCauley
vs
Dunlap.

## McCauley *vs* Dunlap.

Pass-ways.

ERROR TO THE FAYETTE COUNTY COURT.

Case 13.

*Private pass-ways.    Parties.    Evidence.*

JUDGE MARSHALL delivered the opinion of the Court.

Sept. 20.

UPON the application of Dunlap to the County Court
of Fayette, for the establishment of a private pass-way,
&c. an order was made at the June term, appointing four
persons "viewers," to view a way for a private pass-way
from his house, in said county, so as to enable him to at-
tend Mills, Courts and Elections, and report thereon to
Court.  The viewers, in their report, state their unani-
mous opinion that a pass-way was absolutely necessary,
to enable Dunlap to attend Courts, Elections, Mills and
Churches, and designate a route therefor, through the en-
closed lands of Leavy, who assented thereto, and also of
McCauley.  At the July term of the County Court, on
the first day thereof, an order was made quashing the
above recited order and the report of the viewers.  But
on the next day, the parties being in Court, Dunlap's
motion for a new trial was received and continued.  At

Case stated.

McCAULEY
*vs*
DUNLAP.

The statute of 1820, authorizing the County Court to establish private pass-ways, contemplates a just compensation to the owner of the land through which they pass, and cannot be established unless by consent of the owner, without such compensation.

the August term, the new trial was granted and McCauley's motion to quash overruled, and the case again continued from term to term, until at the October term, it was finally heard, on the report of the viewers, and evidence introduced by McCauley, in opposition thereto, and an order was made approving the report, and establishing, unconditionally, the pass-way therein designated.

McCauley seems to have objected, throughout, to the establishment of this pass-way, having opposed it pertinaciously, in every stage of the proceeding, and taken exceptions to almost every unfavorable decision; and the main question in the cause is, whether the County Court had authority, against her will, to establish the pass-way through her lands, without securing compensation to her. The constitution declares that private property shall not be taken for public use, without first compensating the owner, and it would be strange indeed, if the public could appropriate the property of one individual to the use of another, without making compensation. The act under which this proceeding was had, does not, in our opinion, authorize any such violation of the spirit and letter of the constitution.

The 5th section of the act of 1820, (*Stat. Law*, 1254,) provides that on the return of the Commissioners' report, "it shall be the duty of the Court, either to establish the said pass-way, or to order such proceedings to be had, by jury, as is now directed by law in establishing public roads, provided the parties should object to the establishment of said pass-way." The only proper construction of this section is, as we think, that it requires the Court, on the return of the report, in case the proceeding be thus far regular, to pursue one of two courses, to be determined, not by its own discretion, but by the fact of there being or not being an objection to the establishment of the designated pass-way. If there be no objection, all the parties interested having had the proper opportunity to object, it is their duty to establish it. If there be objection, by a proper party, it is equally their duty, if there are to be further proceedings in the case, to order such proceedings to be had, by jury, as in case of public roads.

And this duty is not dependent on the motion or any express desire of the party to have a jury, for the party may not, in fact, know that he is entitled to it, but on the single fact that the party objects to the establishment of the pass-way. The reference to the general road law does not include or relate to the condition on which, by that law, a jury is to be ordered, but relates merely to the proceedings to be had by the jury, when ordered. Such proceedings are to be ordered, if the party object to the establishment of the pass-way. The Court, therefore, had no power, under the statute, to establish the pass-way against the objection of the party through whose lands it was to pass, until such proceedings should be first had, by jury, as were, at the date of the statute in question, directed by law in establishing public roads. These proceedings are by writ of *ad quod damnum*, for the purpose of ascertaining what damage will be occasioned by the establishment of the pass-way, to the proprietors of land through which it will pass, and who have objected to the same, taking into view as well the use of the land as the additional fencing which may become necessary. These are the proceedings to be had by the jury, whose inquest must, of course, be returned into Court. And although the statute makes no provision for any further proceedings by the Court, and does not expressly authorize the establishment of the pass-way, after the return of the writ of *ad quod damnum*, yet it is clearly to be implied from the object of the statutes and of the proceeding by jury, and from the reference to the law relating to the establishment of public roads: 1st. That the Court has power to establish the pass-way after the return of the inquest, notwithstanding the continued opposition of any party or parties concerned. 2d. That it has the same power over the inquest and return, as in case of public roads. 3d. That it cannot establish the pass-way but upon making, or at least securing compensation to the party or parties objecting, according to the amount of damages to be sustained by them, as shown by the inquest, which may certainly be required to be paid by the applicant; and, 4th. That as the right of having a pass-way through the lands of others, and against their consent, depends, by the

McCAULEY
*vs*
DUNLAP.

—And an inquisition by jury under a writ of *ad quad damnum* is the appropriate mode of ascertaining the am't of damages.—

—And the Court are, after the report of viewers and inquisition,

McCAULEY
*vs*
DUNLAP.

to determine the propriety of establishing the pass-way, as in cases of public roads; and the parties may offer, and the Court hear competent evidence on the necessity and propriety of giving the pass-way, before or after the return of the inquisitor.

statute, upon its being absolutely and indispensably necessary, to enable the applicant to go to Courts, Elections, Mills, &c. &c.; and as the statute no where makes the report of the Commissioners or viewers, conclusive on that point, in case there be objection, this question of necessity is to be judged of by the Court, upon such competent evidence as may be offered by either party, and the pass-way should be established or refused according to their judgment, as to its necessity—and we suppose the Court might hear evidence and quash the report, before ordering a jury, though the pass-way could not be, at that stage, established against objections. This view of the power and duty of the Court, under the statute, results obviously in a reversal of the order establishing the pass-way in this case, and dispenses with the necessity of noticing particularly several minor objections made to previous proceedings. But as the Court may again hear evidence relating to the question of the necessity of the pass-way, it is proper to express our opinion on one or two points of evidence, which may again recur.

One having no vested interest in land, nor no interest in damage to be assessed, on opening a private pass-way, is a competent witness for those opposing, though he may have been notified.

1st. The fact, if it be so, that Dunlap has procured or secured another pass-way, which would enable him to attend Courts, Elections, &c. certainly tends to show that the proposed pass-way is not indispensably necessary—such fact is, therefore, relevant testimony in this case, and it may, like other facts, be established by proof of what Dunlap himself has said on the subject. 2d. If F. J. McCauley, who was offered as a witness against the establishment of the pass-way, have no vested interest in the land through which it is proposed to establish it, and no interest in the damages to be finally adjudged to the objecting proprietor, and is under no liability for the costs, he is a competent witness. The fact that he was served with notice of the original application, does not, of itself, make him a party to all the subsequent proceedings, so as, on that ground, to render him incompetent.

The order establishing said pass-way is reversed, and the cause is remanded for further proceedings, consistent with this opinion.

*McCalla* for appellant: *Wickliffe and Bullock* for appellee.