## JOHN ALLEN v. JOHN WILCOX.

**Damages for Property Taken.**
>     The statute which declares that a writ of ad quod damnum shall
> be awarded "if desired by the proprietor, or if the court see cause for
> awarding the writ," means that where any legal cause exists for
> ordering the writ it is the duty of the court to award it.

**Assessment of Damages.**
>     Where a person's property is being taken from him without his
> consent, to be used as a highway, he is not bound to refuse to accept
> a sum for his property, upon pain of his silence being taken for his
> willingness that the court should act on a subject about which it could
> not act except by his consent. Under such circumstances he is en-
> titled to have his damages fixed by jury.

### APPEAL FROM BOYD CIRCUIT COURT.

January 20, 1880.

OPINION BY JUDGE HARGIS:

The 8th section of Art. 1, Chap. 94, Gen. Stat. is imperative. It declares that a writ of ad quod damnum shall be awarded "if desired by the proprietor, or if the court see cause for awarding the writ."

"If the court see cause for awarding the writ" is equivalent to declaring that where any legal cause exists for ordering the writ it becomes the duty of the court to award it unless the state of case, contemplated by Section 6 of the same article, exists to authorize the court, without a writ of ad quod damnum, to assess the amount of damages. By that section the court has no right or power to assess the damages unless the proprietor is "willing to accept what the court deems just."

The appellant declined to accept or reject the amount the court deemed just in the case. Bcause he thus refused to consent or signify his willingness to accept the amount fixed by the court, or that the court might assess the damages, it assumed the power to do so without a writ of ad quod damnum. Where a citizen's property is being taken from him without his consent, as in this case, for the appellant resisted the whole proceeding to establish a road, he is not bound to refuse to accept a sum for his property even when it is taken for public use, upon pain of his silence being taken for his willingness to the action of the court over a subject about which it had no authority to act except by his consent. The term "willing" is used in Section 6 as synonymous with "consent."

Under a somewhat similar statute this court said in the case of *McCauley v. Dunlap,* 4 B. Mon. 57, that it was the duty of the court "to order such proceedings to be had by jury, as in cases of public roads, on the single fact that the party objects to the establishment of the passway." While that case does not directly decide the proposition in dispute in this, it gives, by analogy, a proper rule of construction to be applied to sections 6 and 8, supra, which sections must be construed together.

We do not perceive any other error in the proceedings by the county court. Wherefore the judgment is *reversed* with directions to the circuit court to reverse the judgment of the county court and direct it to issue a writ of ad quod damnum and for further proceedings.

*L. T. Moore, G. N. Brown, for appellant.*

*K. F. Pritchard, for appellee.*