LOUIS A. TALBOT *et al. vs.* MARY E. TALBOT.

Pub. Laws R. I. cap. 315, § 4, of April 21, 1882, provide :
" Whenever dower has been set out . . . or when said widow shall be entitled by decree of court to her perception of rents and profits, said court (*i. e.* the Supreme Court) may, in lieu thereof, on application of the owner of said estate in fee, and after notice to said widow, authorize said owner to give security satisfactory to said court, to said widow, for the payment of the annual value of the dower so set off . . . and upon depositing said security with the clerk of said court, said owner shall be forthwith entitled to the full possession of said estate, relieved of any charge or lien on account of said dower right, except such as may be made by nature of said security, as against said widow and all persons claiming to hold the same by, through, or under her." . . .
*Held,* that this provision, so far as it relates to dower assigned before its enactment, is unconstitutional and void.

PETITION under Pub. Laws R. I. cap. 315, of April 21, 1882, to substitute security for a dower lien.

*January* 3, 1883. DURFEE, C. J. This is an application under Pub. Laws, R. I. cap. 315, of April 21, 1882, entitled " An act in addition to and amendment of chapter 229 of the Public Statutes, ' Of Dower and Jointure.' " The application shows that the applicants are the sole heirs at law of the late George W. Talbot, and the owners in fee of certain land, lying in the city of Providence, described in the application, which they inherited from him ; that the respondent is the widow of the said George, and that at the March Term of this court, A. D. 1881, she recovered judgment for dower against the applicants, by which it was considered that she should recover " her seizin of a third part of the rents, issues, and profits " of said land, " to hold to her in severalty, to the amount or value of one hundred dollars *per annum,*" dower being assignable in that form under the statute, Gen. Stat. R. I. cap. 218, §§ 2, 11, and by which also execution was awarded to her to put her " in perception of said one third part of said rents, issues, and profits, to the amount or value aforesaid." See *Talbot* v. *Talbot,* 13 R. I. 336. The fourth section of said chapter 315 provides : " Whenever dower has been set out . . . or when said widow shall be entitled by decree of court to her perception of rents and profits, said court (*i. e.* the Supreme Court) may, in lieu thereof, on application of the owner of said estate in fee, and after notice to said widow, authorize said owner to give

security satisfactory to said court, to said widow, for the payment of the annual value of the dower so set off . . . and upon depositing said security with the clerk of said court, said owner shall be forthwith entitled to the full possession of said estate, relieved of any charge or lien on account of said dower right, except such as may be made by nature of said security, as against said widow and all persons claiming to hold the same by, through, or under her." . . . The application here is for leave to give security, under this provision, for the annual value of the dower assigned to the respondent as aforesaid, in relief of the estate out of the rents, issues, and profits of which it was assigned. The respondent resists the application, and contends that the provision applies only to dower hereafter to be assigned, or, if it be held to apply to dower heretofore assigned, that it is, so far, unconstitutional and void. We are not persuaded that the provision was not intended to apply to dower assigned before its enactment; but we are clear, if it was intended so to apply, that therein, so far as it was intended so to apply, it is unconstitutional and void. Under the judgment before mentioned the widow took a freehold or life estate, to the extent of one hundred dollars *per annum*, in the rents, issues, and profits of the land aforesaid. Under the judgment the estate became vested instantly, though it did not immediately begin in enjoyment. The estate, though created under the statute by the judgment, is, in substance and effect, a rent charge, and must be governed by the analogies of a rent charge. A rent charge seldom exists in this country other than for years, but at common law it is regarded as an incorporeal hereditament, the owner of which may have it for years, for life, in fee tail, or fee simple. Estates of this kind have many of the incidents of corporeal estates. If held in fee, or fee tail, they are subject to dower or curtesy, and are alienable or transmissible by will or descent. 2 Greenleaf's Cruise, tit. xxviii. cap. 2 ; Williams on Real Property, 334–340. The dower here assigned to the widow is, therefore, as much real property, and as much a vested estate or right, as if it had been assigned in the land itself, and the question is whether it is in the power of the general assembly to take it from her, *in invitum*, and transfer it to the owners of the fee on their simply giving to her security for the payment of its

annual value to her. Clearly not. It has been repeatedly decided that a legislature has no power to take A.'s vested estate, or any part of it, away from him and transfer it to B. for private use, on B.'s paying or securing to him its value; and yet that is exactly what is attempted to be done, with some little circuity of proceeding, by the provision above recited. Cooley Constit. Limit. \*357, \*531 ; *Taylor* v. *Porter*, 4 Hill N. Y. 140 ; *Osborn* v. *Hart*, 24 Wisc. 89 ; *Sadler* v. *Langham*, 34 Ala. 311 ; *White* v. *White*, 5 Barb. S. C. 474 ; *Bankhead* v. *Brown*, 25 Iowa, 540 ; *Nesbitt* v. *Trumbo*, 39 Ill. 110 ; *Wilkinson* v. *Leland*, 2 Peters, 627, 653 ; 2 Kent Comment. \*340. The counsel for the applicants contends that the provision does not affect the estate or right of the widow, but merely modifies her remedy. We cannot assent to that view. If the provision be carried into effect, the widow loses her incorporeal freehold estate in the rents, issues, and profits altogether, and gets in exchange for it merely a bond or some other security for its yearly value, which is quite a different thing. *Petition dismissed.*

*Stephen A. Cooke, Jun.*, for petitioners.

*James G. Markland*, for respondent.