(No. 14256.—Judgment affirmed.)

THE TOWN OF KINGSTON, Appellant, *vs.* A. G. ANDERSON, Appellee.

*Opinion filed December 22, 1921.*

1. HIGHWAYS—*statute authorizing the taking of private property for public highway must be strictly construed.* A statute conferring power to take private property for a public highway must be strictly construed and the taking must be for public use, as the legislature has no authority to authorize the taking of private property for private use.

2. SAME—*section 98 of Roads and Bridges act, as amended in 1919, does not authorize taking of private property for a private road.* Section 98 of the Roads and Bridges act, as amended in 1919, does not purport to authorize private property to be taken, against the owner's consent, for a purely private road for private benefit, but it authorizes the taking of private property for "roads for private and public use" in the same manner as public roads are laid out and established, and a road established under said section must be of some use and benefit to the public.

3. SAME—*when the commissioner and justice of peace have no jurisdiction of proceeding under section 98 of Roads and Bridges act—appeal.* The commissioner of highways and the justice of the peace have no jurisdiction of a proceeding under section 98 of the Roads and Bridges act, as amended in 1919, for taking private property for laying out a road, where the petition and every paper in the proceeding describe the proposed road as a private road; and the county court cannot, on appeal, acquire jurisdiction of the subject matter by amendment.

4. JURISDICTION—*jurisdiction of subject matter may be questioned at any time.* Jurisdiction over the subject matter cannot be conferred by consent of the parties, is not waived by appearance, and may be raised at any time.

APPEAL from the County Court of DeKalb county; the Hon. WILLIAM L. POND, Judge, presiding.

WILLIAM L. PIERCE, for appellant.

THOMAS M. CLIFFE, for appellee.

300—37

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of DeKalb county dismissing a proceeding inaugurated by Clare B. Wilson to establish and lay out a roadway from his land across the land of appellee, Anderson, to a public highway. On appeal to the county court from the judgment of a justice of the peace assessing the damages for laying out the road the county court dismissed the proceeding for want of jurisdiction in the commissioner of highways to order the road laid out and the damages assessed. The county court held the proceeding was for establishing and laying out a private road, only, and not a road for "private and public use," as authorized by section 98 of the Roads and Bridges law. That section as amended in 1919 reads as follows:

"Sec. 98. Roads for private and public use may be laid out from one or more dwellings or plantations to any public road, or from one public road to another, or from one or more lots of land to a public road or from one or more lots of land to a public waterway, on petition to the commissioner by any person directly interested. Upon receiving such petition, proceedings shall be had respecting the laying out of such road as in the case of public roads. In case the commissioner of highways or upon appeal, the county superintendent of highways shall enter a preliminary order for the laying out of such road, the said highway officer or officers making such preliminary order shall, if possible, and the parties are competent to contract, agree upon the total amount of damages, together with the portion thereof to be paid by the town or district, if any, as well as by each of the land owners benefited by such private road. In case such damages cannot be determined or apportioned by agreement, the same shall be fixed as in the case of public roads. The amount of such damages shall be paid by the person benefited thereby, to the extent and in proportion that they are benefited as determined and declared by the

court. The remainder of the amount of damages, over and above that to be paid by the parties aforesaid, if any, shall be paid by the town or district as in other cases. The amount of damages to be paid by individuals shall be paid to the parties entitled thereto, before the road shall be opened for use. In all other respects the provisions of this act relative to the opening, vacation, alteration or widening of public roads shall be applicable also to the laying out, alteration, widening or vacation of private roads: *Provided,* that the cost of the construction of the roadway, bridges and culverts and the maintenance thereof shall be borne by the parties paying for said road." (Laws of 1919, p. 872.)

The petition for the road stated the petitioner desired to obtain "a private road and right of way" from his land across the land of appellee to the public highway, which is alleged to be the most convenient, practical and shortest route to the public highway and will cause the least damage and inconvenience to appellee. The petition prayed that a "private road" two rods wide be laid out and established across appellee's land. The commissioner of highways of Kingston township made and entered an order that the prayer of the petition be allowed and proceedings immediately had for the establishment of "a private road as mentioned and described in the said petition," and that Walter Hay, a competent surveyor, proceed to survey the "proposed private road" and make and file a plat thereof with all convenient speed. The survey was made and plat thereof filed. The commissioner of highways also filed with the justice of the peace his certificate that he was about to lay out and establish "a private road," describing it; that the owner of the land over which it was to be located and the petitioner for the road were unable to agree upon the land to be taken or the damages to be sustained by the owner; that the damages and value had not been agreed upon or released in writing, and he asked that a jury be

summoned, in accordance with the statute, to assess such damages. A hearing was had and the jury returned a verdict fixing and determining the damages "against the petitioner and in favor of said A. G. Anderson" at $267.50. The justice of the peace rendered judgment on the verdict that Anderson "have and recover of the petitioner, Clare B. Wilson, the sum of two hundred sixty-seven and 50/100 dollars, ($267.50,) the amount of the jury's verdict, and the costs of suit herein, taxed at seventeen and 73/100 dollars ($17.73)." Appellee appealed from the judgment to the county court, and that court being of opinion the proceeding was for the establishment of a purely private road for the benefit of the petitioner and not for a road "for public and private use," dismissed the proceeding. From that judgment Clare B. Wilson, in the name of the town of Kingston, prosecuted an appeal to the Appellate Court. A freehold being involved, that court certified the appeal to this court.

Appellant contends (1) that the county court could not look back of the certificate of the commissioner to determine the question of jurisdiction, and that the appeal from the judgment of the justice of the peace to the county court conferred jurisdiction on that court of the person and the subject matter; (2) that it was immaterial whether the petition described the road as a "private road" or as a road for "public and private use" if the appropriate procedure was followed in laying out the road; that the law fixed the character of the road, and that was all the court could look into; and (3) that the court erred in denying appellant leave to amend the certificate filed by the commissioner with the justice of the peace so as to describe the road as one "for public and private use."

The legislature has no authority to authorize the taking of private property for private use. (*Nesbitt* v. *Trumbo,* 39 Ill. 110; *Crear* v. *Crossly,* 40 id. 175.) The authority to take private property against the owner's consent must

be for a public use, and the statute conferring power to take private property for a public highway must be strictly construed. The exercise of the power must be kept strictly within the statute. (*Funderburk* v. *Spengler*, 234 Ill. 574; *Hyslop* v. *Finch*, 99 id. 171.) The statute above quoted does not purport to authorize private property to be taken, against the owner's consent, for a purely private road for private benefit. It authorizes taking of private property for "roads for private and public use" in the same manner public roads are laid out and established. Such a road must be of some use and benefit to the public and not for the sole benefit of the individual, otherwise the constitutional requirement that private property can only be taken for public use would be a nullity. Section 98 of the Roads and Bridges act as it appears in the revision of 1913 provided for ascertaining the amount of damages for laying out a road for public and private use, and if the parties are competent to contract they may agree on the amount and "the portion thereof to be paid by the town or district as well as by each of the land owners benefited by such private road." If the parties cannot agree the damages shall be fixed as in the case of public roads, and the amount of the damages so determined "shall be paid by the persons benefited thereby, to the extent and in proportion that they are benefited as determined and declared by the court." The damages above those to be paid by the parties interested shall be paid by the town or district as in other cases. It would seem from these provisions that the statute contemplated the road authorized should be of some public use and benefit. By the amendment of 1919 there was inserted after "the portion thereof to be paid by the town or district," the words "if any," and the subsequent clause that the damages above the amount to be paid by the parties was amended to read, "the damages, * * * if any, shall be paid by the town or district as in other cases." The

proviso was added in 1919 that the cost of the construction of the road, bridges and culverts, and the maintenance thereof, "shall be borne by the parties paying for said road."

The statute as it appears in the revision of 1913, and as it existed long prior to that time, contemplated a road for public and private use should be at least in part for the public use and benefit, and that the public would bear part of the costs of laying it out and maintaining it. In this case there was no apportionment of the damages between the petitioner and the township. The entire amount of damages for the land taken was assessed against the petitioner, and as no order was made apportioning any amount to be paid by the public it follows he would have to pay the entire amount, and under the proviso of 1919 would be required to pay the cost of constructing and maintaining the road. This seems to us equivalent to finding that no benefit would result to the public from laying out the road, and the effect of the 1919 amendments would be to authorize laying out a road for the purely private use and benefit of the person asking for it, if he would pay all damages and construct and maintain it. This it was held in *Nesbitt* v. *Trumbo, supra,* and *Crear* v. *Crossly, supra,* the legislature could not authorize.

Every paper found in the proceeding to lay out the road describes it as a private road, and the entire record seems plainly to indicate that the purpose was to lay out a road for the sole use and benefit of the petitioner and for no public use or benefit whatever. It would therefore follow that the commissioner and justice of the peace had no jurisdiction of the subject matter and the proceeding was void and of no effect, and the county court, on appeal, could not by any amendment acquire jurisdiction of the subject matter. (*Highway Comrs.* v. *Smith,* 217 Ill. 250; *Matthiessen* v. *Ott,* 268 id. 569.) Jurisdiction over the subject matter cannot be conferred by consent of the parties, is not waived by appearance, and may be raised at any

time. *Town of Audubon* v. *Hand,* 223 Ill. 367; *Highway Comrs.* v. *Smith, supra.*

We are of opinion the county court did not err in dismissing the proceedings, and its judgment is affirmed.

*Judgment affirmed.*