THE CITY OF MT. CARMEL, Plaintiff-Appellant, *v.* CLIFTON M. PARTEE
*et al.*, Defendants-Appellees.

Fifth District   No. 76-465

Opinion filed October 31, 1977.

EBERSPACHER, J., dissenting.

Robert M. Keenan, Jr., of Mt. Carmel, for appellant.

Crain, Hall & Cooksey, of Centralia (Robert M. Crain, of counsel), for appellees Clifton M. Partee and Clarence E. Partee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court: Petitioner City of Mount Carmel (hereinafter City) appeals from a judgment of the circuit court of Lawrence County dismissing its petition to condemn land in Wabash County[1] for a street and highway right-of-way. Defendant landowners filed a traverse and motion to dismiss upon which the trial court entered judgment.

The sole issue presented is whether a municipal corporation is authorized by statute to acquire by eminent domain a street right-of-way located in an unincorporated area which is outside of but adjacent and contiguous to the municipality. The relevant statute involved is section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1) which states as follows:

> "The corporate authorities of each municipality may exercise the right of eminent domain by condemnation proceedings in conformity with the provisions of the constitution and statutes of the State of Illinois for the acquirement of property useful, advantageous or desirable for municipal purposes or public welfare including property in unincorporated areas outside of but adjacent and contiguous to the municipality where required for street or highway purposes by the municipality."

The proposed right-of-way lies in an unincorporated area of approximately 47 acres which borders the City on two sides for about 2200 feet. The strip sought to be condemned runs north and south, its southern edge touching the city limits for a distance of approximately 60 feet. No other portion of the strip intersects the municipal boundary.

In their traverse and motion to dismiss defendants contended that the property sought to be condemned by the City must be "adjacent and contiguous" to the municipal boundaries and since this strip is not "adjacent and contiguous" to the city limits of Mount Carmel the City is without power to condemn the right-of-way.

On the other hand, the City argues that a proper reading of the statute reveals that it is not the *property* sought to be condemned, but rather the *unincorporated area* containing the property which must be "adjacent and contiguous" to the municipality. Since the right-of-way is within an "adjacent and contiguous" unincorporated area, the argument continues, the City may properly exercise its power of eminent domain to acquire the desired property.

There being no dispute as to whether the property the City seeks to condemn would be "useful, advantageous or desirable" or that it will be

---

[1] The cause was transferred to Lawrence County upon defendant's motion for a change of venue.

used "for street or highway purposes" as required by section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1), we turn our attention to whether it is the property or the unincorporated area which must be "adjacent and contiguous" to the municipality.

While our research has disclosed no decision of the courts of this State on this particular question, the Illinois Supreme Court discussed section 11—61—1 in *Village of Deerfield v. Rapka*, 54 Ill. 2d 217, 296 N.E.2d 336. There the court dealt with the authority of a municipality to acquire property outside of its municipal limits for playground purposes under section 11—95—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—95—1). After noting that the closing portion of section 11—61—1 was added by amendment to the statute in 1961, the court went on to say:

> "The amendment was not designed, the argument is, to repeal or lessen the broad municipal authority to condemn. It was intended to insure a power to condemn, for street purposes, land outside but adjacent and contiguous to the municipality. The argument is persuasive." (54 Ill. 2d 217, 222.)

We recognize that this interpretation of the statute was merely dicta, as the question in the case was only the municipality's power to condemn outside its boundaries generally. However, the statement by the court clearly supports the defendants' contention that it is the property to be condemned and not the unincorporated area containing it which must be adjacent and contiguous to the municipality.

■■ Additionally, long-standing rules of statutory construction lend support to the defendants' argument. Illinois courts have traditionally applied the "last antecedent doctrine" in construing statutes. This rule requires that relative or qualifying words, phrases, or clauses are to be applied to the words or phrases immediately preceding, and not as extending to or including other words, phrases or clauses more remote, unless the intent of the General Assembly disclosed by the context and reading of the entire statute, requires such extension or inclusion. (*People v. Thomas*, 45 Ill. 2d 68, 256 N.E.2d 794.) The City argues that by operation of this rule, the words "adjacent and contiguous" must apply to their closest antecedent, "in an unincorporated area" and not to the more remote "property." However, this argument ignores the words "outside of" which also follow "in unincorporated areas," and would by plaintiff's use of the last antecedent rule modify "in unincorporated areas." Such a reading of the statute would obviously render the words "outside of" mere surplusage, as unincorporated areas are necessarily "outside of" the municipal boundaries. Proper use of the last antecedent rule requires a different reading. The word "property" is, in our opinion, the last antecedent which is modified by the qualifying words and phrases following it—"in an unincorporated area", "outside of" but "adjacent and

contiguous [to the municipal boundary]." (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1.) All of these words and phrases serve to describe the property which may properly be condemned by the municipalities. The prepositional phrase "in unincorporated," if deleted, would allow municipalities to condemn incorporated property outside of but adjacent and contiguous to the municipality. While such authority has been granted in cases involving condemnation for airport purposes (*Village of Schiller Park v. City of Chicago*, 26 Ill. 2d 278, 186 N.E.2d 343), the intent of the legislature as shown by section 11—61—1 was to deny this power to municipalities for street and highway purposes. In *Village of Schiller Park v. City of Chicago*, 26 Ill. 2d 278, 186 N.E.2d 343, the court stated:

"When the General Assembly intends to limit an extra-territorial power to unincorporated territory it says so by the use of appropriate language." (26 Ill. 2d 278, 281.)

Accordingly, we hold that the words "adjacent and contiguous" as used in section 11—61—1 of the Illinois Municipal Code apply to "property" and not to "unincorporated areas."

As the trial court pointed out in its order, it is difficult to imagine what limitations would exist on a municipality's power to condemn outside its borders if a different interpretation were adopted. If only the unincorporated area containing the property to be condemned was required to be adjacent and contiguous to the municipality, a city could condemn property several miles from its border if such property was part of an adjacent and contiguous unincorporated · area. In addition, perplexing and far-reaching questions would be raised by the interpretation which the City recommends. For example, what are an "unincorporated area's" boundaries? Does an "unincorporated area" end only when it intersects incorporated land? In focusing on the property to be condemned, rather than the area of which it is a part, it may be determined by the court whether it is or is not adjacent and contiguous to the municipality and hence subject to the power of eminent domain as exercised by the corporate authorities. This limitation of the municipality's power to condemn is consistent with the intention of the legislature in enacting section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1).

■■ The City does not seriously contend that the property which it seeks to condemn is adjacent and contiguous to the municipality. The only portion of the right-of-way which touches the municipal boundaries is a 60-foot strip. In order for property to be contiguous to city limits there must be a substantial common boundary (*Spaulding School District No. 58 v. City of Waukegan*, 18 Ill. 2d 526, 165 N.E.2d 283), or it must touch or adjoin the corporate limits in a reasonable and substantial physical sense. (*Western National Bank v. Village of Kildeer*, 19 Ill. 2d 342, 167 N.E.2d

169.) The property involved in this case is therefore not contiguous to the municipality. While both *Spaulding* and *Western National Bank* involved annexations, we fail to see how the nature of the action would alter the legal definition of contiguity.

We therefore believe that section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1) requires that the property which a municipality seeks to condemn for street or highway purposes be adjacent and contiguous to the municipality. This reading of the statute comports with our duty to strictly construe statutes delegating the State's sovereign power of eminent domain. "The authority to take private property against the owner's consent must be for a public use, and the statute conferring power to take property for a public highway must be strictly construed." *Town of Kingston v. Anderson,* 300 Ill. 577, 580-81, 133 N.E. 347.

For the foregoing reasons, the judgment of the circuit court of Lawrence County dismissing the City of Mount Carmel's petition for condemnation is affirmed.

Affirmed.

CARTER, P. J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:

As I understand the factual situation in this case, the City of Mt. Carmel sought to take property which lay outside the city limits in an area that was adjacent and contiguous to the city for the purpose of constructing a street or highway that would connect on both its ends with its streets or highways connecting with its streets. The strip sought, at its southern end touches the city limits for a distance of approximately 60 feet, connecting to a city street at that end, and on the north end being 110 feet in width connecting to a county highway that leads to a public country road which connects to an existing street in the immediate vicinity.

It is my opinion that the purpose of the 1961 amendment to section 11—61—1 of the Illinois Municipal Code was to provide a municipality a means of connecting its streets by the use of a street or highway across property that was outside its limits in an area contiguous and adjacent to its limits. With such limited purpose in mind there need be no apprehension as to a city having an unlimited power or the extent of boundaries of the unincorporated area lying adjacent or contiguous.

I do not agree with the majority's application of the "last antecedent doctrine" and am of the opinion that if that doctrine is to be applied it should be applied as petitioner has suggested.

I would therefore reverse and remand.