(No. 50260.—

THE CITY OF MOUNT CARMEL, Appellant, .v. CLARENCE E. PARTEE *et al.*, Appellees.

*Opinion filed January 26, 1979.*

WARD, J., took no part.

Robert M. Keenan, Jr., of Townsend, Townsend & Keenan, of Mt. Carmel, for appellant.

Crain, Hall & Cooksey, of Centralia (Robert M. Crain and R. Edward Veltman, Jr., of counsel), for appellees.

MR. JUSTICE CLARK delivered the opinion of the court:

The city of Mount Carmel, the plaintiff and a municipal corporation, petitioned the circuit court of Wabash County to condemn land in an unincorporated area for a street right-of-way. (Ill. Rev. Stat. 1975,

ch. 24, par. 11—61—1.) Upon the motion of defendants Clarence E. and Clifton M. Partee for a change of venue, the cause was transferred to the circuit court of Lawrence County, which dismissed the petition. The appellate court, with a dissent, affirmed (54 Ill. App. 3d 449), and we granted leave to appeal (65 Ill. 2d R. 315).

The issue is whether the city is authorized by section 11—61—1 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1) to condemn property outside the corporate limits, a substantial portion of which is not adjacent or contiguous to those corporate limits, for street or highway purposes.

Defendants own 42 acres of unincorporated land which is improved with farm buildings and used for pasture and growing hay for raising horses. The 42 acres are bounded on the south by the city's corporate limits, on the east by 926.09 feet of corporate limits as well as by an unincorporated area, and on the north by a county road across which is an unincorporated area. The city seeks a 2.19-acre strip which is 60 feet wide by 1,587 feet long and runs from the city's limits on the south to the county road on the north. The strip is adjacent and contiguous to the city's corporate limit only for a distance of 60 feet on the south end; otherwise it fails to border the city, located just over 150 feet from and running parallel to the east edge of the Partee property.

Section 11—61—1 (Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1) provides:

> "The corporate authorities of each municipality may exercise the right of eminent domain by condemnation proceedings in conformity with the provisions of the constitution and statutes of the State of Illinois for the acquirement of property useful, advantageous or desirable for municipal purposes or public welfare including property in unincorporated areas outside of but adjacent and contiguous to the municipality where required for street or highway purposes by the municipality."

The defendants argue the circuit court properly granted their traverse and motion to dismiss because the property to be condemned must itself be outside but contiguous and adjacent to a municipality under the statute above, because 60 feet is insufficient contiguity, and because there is a public policy against the taking of strip or corridor property by a municipality. The city contends that under the statute the property to be condemned need not itself be contiguous and adjacent but need only be located "in unincorporated areas" which must be contiguous and adjacent to the municipality. The city maintains that, if the plain language of the statute does not, the doctrine of last antecedent certainly does, require that conclusion. Under this doctrine, relative or qualifying words or phrases modify words or phrases which are immediately preceding, and do not modify those which are more remote. (*Stevens v. Illinois Central R.R. Co.* (1922), 306 Ill. 370, 373; *People v. Thomas* (1970), 45 Ill. 2d 68, 72.) It is the city's view that the word "areas" in section 11—61—1 of the Illinois Municipal Code is more immediately preceding than the word "property." Hence, "areas" is the antecedent of the modifying phrase "outside of but adjacent and contiguous to"; and only "areas" must be contiguous and adjacent to the municipality—not the property sought.

That argument is appealing. However, we believe that interpretation is not the intent of the legislature. The legislature, we conclude, intended that property outside the petitioning municipality and sought for street and highway purposes must be in an unincorporated area (as distinguished from in another municipality) and contiguous and adjacent to the municipality. *People v. Thomas* (1970), 45 Ill. 2d 68, 72, above, also noted that "the entire section must be read to ascertain legislative intent." As the appellate court observed, the city's argument—that "outside of" modifies "unincorporated

areas"—would make the words "outside of" surplus language since unincorporated areas are by definition "outside of" a municipality. We have held that a "statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous." (*People ex rel. Barrett v. Barrett* (1964), 31 Ill. 2d 360, 364-65.) If the legislature did not intend "outside of" to be superfluous, it must have intended the phrase to modify "property," and it surely meant the prepositional phrase "in unincorporated areas" to refer to "property" so as to distinguish that "property" from property located outside the municipality but in another, possibly adjacent, municipality. (*Cf. Village of Schiller Park v. City of Chicago* (1962), 26 Ill. 2d 278, where this court found that sections 11—102—1 and 11—102—4 of the Illinois Municipal Code expressly authorized condemnation of land, for use as airports, outside a municipality of 500,000 or more in population, even though the land was in another municipality. The sections do not refer to contiguity.) In *Village of Deerfield v. Rapka* (1973), 54 Ill. 2d 217, 222, this court remarked that section 11—61—1 "was intended to insure a power to condemn, for street purposes, land outside but adjacent and contiguous to the municipality." This statement is admittedly *dicta*, but it reflects a public policy of discouraging unlimited appropriation of unincorporated property by a municipality.

More specifically, this State has an announced public policy of not permitting the taking of a "strip" or "corridor" of land in order to join or facilitate the joining of different parts of a municipality. To accomplish this policy, the legislature requires contiguity and adjacency of the desired land. (*E.g.,* Ill. Rev. Stat. 1975, ch. 24, pars. 7—1—1 *et seq.* and 11—61—1.) And "contiguous" means to "touch or adjoin *** in a reasonably substantial physical sense." (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 352.) This court has been

consistent about this policy as evidenced in its interpretation of "contiguous":

> "The intent of the legislature, as expressed by the word 'contiguous,' is that the territory to be annexed must have a substantial common boundary. Neither the use of a strip of land one-half mile long and 50 feet wide to connect two tracts of land to be included in the territory to be organized into a village [citation] nor the annexation of a 75-mile network of roadways leading to a village merely because one can enter this disconnected maze from a point within the boundary of the village, complies with the statutory requirements of contiguity." (*Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, 529, where this court found that "a common boundary of approximately one and one-half miles, largely in the form of streets" met the requirement of contiguity.)

The *Spaulding* decision, referring to the improper annexation of the 75-mile roadwork above, cited *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 601, in which this court concluded:

> "To condone the unnatural and obviously unreasonable annexation as attempted by the defendant village in this case, would require us to permit strip or corridor annexation, which has always been condemned by the courts of this State and has never been permitted by the legislature."

(Accord, *Wild v. People ex rel. Stephens* (1907), 227 Ill. 556, 561; *Village of Morgan Park v. City of Chicago* (1912), 255 Ill. 190, 192-93.) While the cases cited have involved annexation of unincorporated areas rather than condemnation as here, we believe the policy consideration and reasoning remain the same. The attempt to condemn a

right-of-way, parallel with but only 150 feet away from a municipality's corporate limits, in order to connect existing or proposed roadways of the municipality, involves the acquisition of a right-of-way that may be a convenience. But it remains an attempt to join, by strip acquisition, unconnected parts of a municipality's street system. (Evidence shows the city intends the strip to ultimately join another city right-of-way at the northern end of the strip's extension.) For whatever reasons, the city apparently did not try to condemn a contiguous 1,587-foot strip, nor to annex adjacent property. It is questionable whether public policy fosters, as in this case, a municipality's mere convenience at the price of an owner's damaged remainder.

Finally, what is troubling about the city's perception of section 11–61–1 of the Illinois Municipal Code, despite the appellate court's dissenting opinion's assurances to the contrary, is that there is no apparent limit on the location of land—except the nearest municipality's corporate limits —so long as it is in an unincorporated area that "eventually" is contiguous to the municipality. It is unlikely the legislature intended that. It is more reasonable to assume the legislature only intended to facilitate a municipality's development of an efficient roadway system by permitting it to obtain by eminent domain contiguous, substantially adjoining property for streets. (See *Western National Bank v. Kildeer* (1960), 19 Ill. 2d 342, 352: "[T]o be considered contiguous within the meaning of the statute, the tracts of land in the territory must touch or adjoin one another in a reasonably substantial physical sense.") This interpretation would be far more consistent with the required strict construction of eminent domain statutes. *Department of Public Works & Buildings v. Keller* (1975), 61 Ill. 2d 320, 324; *Forest Preserve District v. Wike* (1954), 3 Ill. 2d 49, 54.

For the reasons stated, we hold that section 11–61–1

of the Illinois Municipal Code permits a municipality to condemn property in unincorporated areas for street and highway purposes so long as the property to be taken is substantially contiguous and adjacent to the municipality. We affirm the judgment of the appellate court.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.