THE VILLAGE OF EAST GALESBURG, Plaintiff-Appellee, v. EDWARD ENNIS, Defendant-Appellant.

Third District   No. 3—89—0168

Opinion filed October 20, 1989.

Edward Ennis, of East Galesburg, appellant *pro se.*

Steven E. Davis, of Lucas, Brown, McDonald & Conolly, of Galesburg, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Edward Ennis, was convicted of operating a motor vehicle within the plaintiff Village of East Galesburg without a valid vehicle tax sticker (Village of East Galesburg Code of Ordinances ch. 5, §5—5—2). The trial court sentenced him to pay a $33 fine plus court costs. The defendant appeals.

The defendant does not dispute that he failed to have a vehicle tax sticker on his car. Rather, he contends that the ordinance requiring the sticker was no longer in effect. In this regard, the record shows that on September 2, 1987, the village board adopted ordinance No. 87—10, which repealed the vehicle tax. On September 10, 1987, the village president vetoed ordinance No. 87—10. Accordingly, if his veto was valid, the vehicle tax remained in effect.

The defendant contends that the village president's veto was not valid. He first argues that section 3—11—18 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1987, ch. 24, par. 3—11—18) did not authorize the village president's veto of the ordinance.

We find no merit in this contention. Section 3—12—5 of the Code (Ill. Rev. Stat. 1987, ch. 24, par. 3—12—5) states that village presidents have the same veto powers as mayors. Section 3—11—18 of the Code provides:

> "All resolutions and motions (1) which create any liability against a city, or (2) which provide for the expenditure or appropriation of its money, or (3) to sell any city or school property, *and all ordinances*, passed by the city council shall be deposited with the city clerk. *** Those of which [the mayor] disapproves he shall return to the city council, with his written objections, at the next regular meeting of the city council occurring not less than 5 days after their passage. *** If the mayor fails to return *any ordinance* or any specified resolution or motion with his written objections, within the designated time, it shall become effective despite the absence of his signature." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 24, par. 3—11—18.

■■■ Where the meaning of a statute is in dispute, the threshold task of a court is to examine the terms of the statute itself. (*United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.) If the language of the statute is certain and unambiguous, the only legitimate function of a court is to enforce the law as enacted by the legislature. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 256 N.E.2d 758.) Under the doctrine of last antecedent, relative or qualifying words or phrases in a statute modify the words or phrases which are immediately preceding and do not modify those which are more remote. *City of Mount Carmel v. Partee* (1979), 74 Ill. 2d 371, 385 N.E.2d 687.

■■ The defendant contends that the three qualifying clauses at the beginning of section 3—11—18 limit the types of ordinances which the village president may veto. We find no support for the defendant's position in the certain and unambiguous language of the statute. The three qualifying clauses plainly apply only to resolutions and motions. Just as plainly, a village president is empowered to veto "all ordinances." Accordingly, the instant village president had the statutory authority to veto the ordinance rescinding the vehicle tax.

The defendant further argues, however, that even if the village president was authorized to veto the ordinance, he did not properly exercise his veto. The record shows that partly typed and partly written on ordinance No. 87—10 are the words "vetoed this 10th day of September, 1987," followed by the village president's signature. The record further shows that the vetoed ordinance was timely delivered to the village board. The village president did not, however, provide the board with his written reasons for the veto. The defendant contends that the village president's failure to express in writing the reasons for his veto negated the veto.

■■ In construing a statute, the language should be given its plain and ordinary meaning. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 492.) Courts will not enlarge the meaning of a statute by reading into it language not contained therein. See *Parizon v. Granite City Steel Co.* (1966), 71 Ill. App. 2d 53, 218 N.E.2d 27.

■■■ We find no support for the defendant's position that "objections" is synonymous with "reasons." Nowhere in the statute is there any indication that the legislature intended for the word "objections" to mean "reasons." In fact, other than in the heading, section 3—11—18 does not contain the word "veto," but speaks only of "objections." A veto is a basic form of objection, and absent any indication to the contrary, we will not add the requirement that the village president

must explain in writing his reasons for objecting to an ordinance. Accordingly, we find that a written veto meets section 3—11—18's "written objections" requirement. The village president's veto was therefore properly executed, and the village vehicle tax remained in effect.

The judgment of the circuit court of Knox County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.