THE CITY OF EDWARDSVILLE, Appellant, *vs.* THE COUNTY OF MADISON, Appellee.

*Opinion filed October 25, 1911.*

1. EMINENT DOMAIN—*power of eminent domain is inherent in the State.* The power of eminent domain is the power of the State to appropriate private property to the public use, and it extends to every kind of property and to every public use; but the power is inherent in the State, and can be exercised by a municipal corporation only by virtue of a grant from the State.

2. SAME—*city's power to condemn for street is limited to private property.* The power of a city to condemn property for street purposes is limited to private property, and does not extend to property of the State or property held by a subordinate agency of the State for the State.

3. SAME—*a city cannot condemn property of county for street purposes.* A city has no power to condemn a strip of land through a county poor farm for street purposes, as the property of a county

is not private property but is property already devoted to a public use and held by the county merely as a State agency.

4. COUNTIES—*property of a county is subject to control of the State.* Property the title to which is vested in a county is public property held by the county as a State agency, and in the absence of positive constitutional restriction is subject to the disposition of the legislature without the consent of the county authorities.

APPEAL from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

CHARLES E. GUELTIG, Corporation Counsel, for appellant.

J. F. GILLHAM, State's Attorney, (F. E. SEBASTIAN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Edwardsville attempted to condemn for a street a strip of land through the Madison county poor farm, consisting of nineteen acres, within the corporate limits of the city. On motion of the county of Madison the court dismissed the petition, and this appeal presents the question of the right of the municipality to condemn for public use the property of a county used for public purposes connected with the administration of the State government.

The right of eminent domain is the power of the State to appropriate private property to the public use, and it extends to every kind of property and to every public use. It is inherent in the State, and may be exercised by a municipality only by virtue of a grant from the State. The power has been granted to cities for the purpose of laying out streets. Such power extends, however, only to the taking of private property. The statute does not authorize the taking of the property of the State, or of the subordinate municipalities through whose agency the State govern-

ment is administered, by the exercise of the right of eminent domain. Such property is already devoted to the public use and is subject to the control of the State, which may authorize such use of it as it sees fit. The legislature may authorize one use to-day and another use to-morrow, and except where private rights are affected its discretion is absolute. (*People* v. *Walsh,* 96 Ill. 232.) A county is merely a political subdivision of the territory of the State, organized for the convenient exercise, locally, of such powers of the government as may be delegated to it. It has no powers except such as are derived from the statutes constitutionally enacted, and it can own no private property. Property, the title to which is vested in the county, is public property held by the county as a State agency, and in the absence of positive constitutional restriction is subject to the disposition of the legislature without the consent of the county authorities. (*Harris* v. *Board of Supervisors,* 105 Ill. 445; *Marion County* v. *Lear,* 108 id. 343; *Wilson* v. *Board of Trustees,* 133 id. 443; *Heffner* v. *Cass and Morgan Counties,* 193 id. 439; *People* v. *Bowman,* 247 id. 276.) The property of the State is not subject to condemnation under our law. Our statute (chapter 47) only authorizes the courts of the State to entertain jurisdiction of proceedings for condemnation when the right to take private property for public use is involved, (*People* v. *Sanitary District,* 210 Ill. 171;) otherwise the city might condemn the court house square for an engine house, ·the school district might condemn the engine house for a school house, the county might condemn the school house for a court house, and an endless chain of condemnations by various municipalities might be set in operation. Such a series would, in any event, be unlikely to occur, but under the law the occurrence is impossible.

The judgment of the circuit court is right, and it will be affirmed.

*Judgment affirmed.*