·THE CITY OF MOLINE, Appellant, *vs.* NELSON H. GREENE
*et al.* Appellees.

*Opinion filed December 21, 1911.*

1. EMINENT DOMAIN—*property already devoted to public use cannot, in general, be condemned for different public use.* Property already devoted to a public use cannot be condemned for a different public use unless there is express or implied statutory authority therefor.

2. SAME—*grant of power to condemn property under the Local Improvement act is general.* The grant of power to a city to appropriate property under the Local Improvement act is general, and the same rule of construction is applicable to it as applies to the general grant of the power of eminent domain to railroad corporations under the Railroads act.

3. SPECIAL ASSESSMENTS—*a city has no power to take land of a public library to widen street.* Neither the general power of a city to open, widen or alter its streets or other public grounds nor the power to appropriate land under the Local Improvement act authorizes a city, for the purpose of widening a street, to take land already devoted to public use as a public library.

4. SAME—*citizen and tax-payer may object to confirmation of assessment requiring taking of land of public library.* A citizen and tax-payer of the city, even though not a party to the proceeding, may appear and object to the confirmation of a special assessment for the purpose of widening a street by taking a strip of land from the abutting property, which includes land already devoted to public use as a public library, the title to which is held by the trustees of the library, who are not objecting.

5. SAME—*when petition must be dismissed.* If the city has no power to take a portion of the land required to widen a street, as provided in the improvement ordinance, the petition must be dismissed, regardless of any power the city may have to provide by another ordinance for a different improvement.

APPEAL from the County Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding.

G. A. SHALLBERG, City Attorney, (W. R. MOORE, of counsel,) for appellant.

PEEK & DIETZ, JAMES JOHNSTON, FRANK J. LANDEE, and WILLIAM A. MEESE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Rock Island county dismissing a petition of the city for a local improvement by special assessment. The special assessment was for the purpose of improving Fifth avenue, a street of said city running east and west, by widening it from 60 feet to 70 feet from Fifteenth street to Eighteenth street, and paving it. The widening was proposed to be done by taking a strip 10 feet wide from the property abutting upon the south side of the street. The Moline Public Library is situated at the south-east corner of Fifth avenue and Seventeenth street, and has a frontage of 160 feet on Fifth avenue and extends south 150 feet to an alley. Ten feet of the library property was proposed to be taken for the widening of the street. Upon the filing of the petition by the city, commissioners were appointed, as provided by section 14 of the Local Improvement act. They made a report, in accordance with the provisions of section 15. Appellees, Nelson H. Greene and A. A. Crampton, who were not the owners of any property proposed to be taken or assessed and were not members of the library board but were residents and tax-payers of said city, filed objections. The only objection necessary to be referred to is, that the property of the library sought to be taken was public property already devoted to a public use and could not be condemned or taken for another public use. This objection was sustained and the petition dismissed. From the judgment sustaining the objection and dismissing the petition the city has prosecuted this appeal.

Appellant contends (1) that the property of the library was subject to be taken for the purpose of widening the street, which is a different public use from that to which it is now devoted; (2) that Greene and Crampton had no right to file objections to the taking of the property; and (3) that if they were authorized to file objections and the

property could not be taken, it was error to dismiss the petition as to the property other than the library property.

The library was established by an ordinance adopted in 1892 in accordance with the provisions of the statute. The property was purchased for $10,000 and the money to pay for it was raised by subscription. The deed was made to the board of directors of the Moline Public Library of Moline, Illinois, and contained no conditions. A donation of $40,000 was made by Andrew Carnegie for the construction of the building.

Conceding that the legislature has power to authorize public property devoted to one public use to be taken and appropriated to a different use for the public benefit, the question here for decision is, has the legislature, by any act adopted by it, authorized the taking of the library property by appellant? The library is a public library and the land sought to be taken from it is devoted to a public use. The general rule is, that such property cannot be taken and appropriated to another and different use unless the legislative intent to so take it has been manifested in express terms or by necessary implication. *Chicago and Alton Railroad Co.* v. *City of Pontiac,* 169 Ill. 155; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 151 id. 348; 10 Am. & Eng. Ency. of Law, 1094; 15 Cyc. 616.

It is not contended by appellant that express authority is found in any legislative act to take the property here sought to be taken, but it is insisted such authority is necessarily implied from the seventh clause of section 1 of article 5 of the Cities and Villages act, which confers power upon the municipal authorities "to lay out, to establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, wharves, parks and public grounds, and vacate the same." In *Chicago and Northwestern Railway Co.* v. *City of Chicago, supra,* the right of the city to extend streets across the right of way of the railroad company was denied by the company. The court

held that the clause of the Cities and Villages act above quoted did not authorize the taking of property already devoted to a public use, but that the 89th clause of section 1 of article 5 did authorize the city to extend its streets across the railroad right of way and tracks. That clause confers power upon the city to extend, by condemnation or otherwise, any street, alley or highway over or across any railroad track, right of way or land of any railroad company within the corporate limits. Section 17 of the chapter on railroads confers power upon railroad corporations to take, by condemnation, property necessary to the building, operating or running of its road, but in *Illinois Central Railroad Co.* v. *Chicago, Burlington and Northern Railroad Co.* 122 Ill. 473, it was held that this general grant of power to railroad corporations to take real estate for railroad purposes was not intended to extend to property already applied to a public use. In that case the Chicago, Burlington and Northern Railroad Company sought to condemn for railroad purposes land belonging to the Illinois Central Railroad Company running longitudinally with and constituting a part of that company's right of way. The court held this was unauthorized, and said: "That the legislature of the State might, subject to the conditions imposed by the constitution, take the property for the purposes in question we have no doubt. And we think it equally clear that the legislature might, by a general law manifesting such intention, authorize one railroad company to condemn a part of the right of way of another to the extent and for the uses proposed in this case, but without such legislative authority or enabling act it is manifest the taking of it would be unauthorized."

Appellant cites numerous cases where the right of one railroad corporation to cross the right of way and tracks of another railroad corporation and to condemn the property for such crossing has been sustained. But those decisions have been based upon the express authority conferred

upon railroad corporations by clause 6 of section 19 of chapter 114 of the Revised Statutes. Power is also given cities by the Local Improvement act to take private property for the purpose of local improvements, but no authority is given, as we construe the act, to take property already devoted to a public use and apply it to a different use. The grant of power to take property by the Local Improvement act is general, and the same rule of construction is applicable to it that applies to the general grant of power to railroad corporations under the Railroad act.

Cases are cited by appellant from other jurisdictions where a general grant of power to take property has been construed to authorize an appropriation of property devoted to a public use to another use when it does not essentially interfere with the public use to which the property is already devoted. But those cases, we think, can have no application to this case, for the reason that it is proposed to take the land from the library and devote it to a use that will prohibit the library hereafter from any use of or control over it.

Appellant argues that taking ten feet of land will not destroy the library; that it will still have sufficient ground for carrying out the purposes for which it was established. The case must be controlled by legal principles and not by considering the practical effect of allowing the taking of the land in this particular case. If it is held appellant has authority to take part of the property, it would necessarily require holding that all of the property could be taken by virtue of the same authority, if that were sought to be done. Our conclusion upon this branch of the case is, that no authority exists in appellant to take the property of the library for the purpose of devoting it to a public street.

Appellant contends no one could be heard to object except owners of or parties having some interest in the land sought to be taken; that the title to the property of the Moline Public Library is in the board of directors, and that

they, alone, are authorized to object to the taking of its land. On this ground it is urged that the county court erred in overruling the appellant's motion to strike the objections from the files and that the judgment should be reversed for that reason, even though it be held that the appellant had no authority to condemn the land. Section 20 of the Local Improvement act requires that every person named in the commissioners' report as an owner of property to be taken or damaged, and every person who shall be named in the report as an occupant of any such parcel of land, shall be made defendant to the proceeding; also "all other persons having or claiming interests in any of said premises shall be described and designated as 'all whom it may concern,' and by that description shall be made defendants." The act further provides for notice to defendants and an opportunity for them to be heard. The object of the legislature clearly was to provide for notice to every owner and party interested in the land to be taken, of the proceeding and to afford them an opportunity to be heard. The legal title to the library property is in the library board but it is held by them in trust for the inhabitants of the city, the use of the library and property to be forever free to said inhabitants. The inhabitants of the city are the real parties in interest, for whose benefit the title is held in trust by the board of directors. It has been repeatedly held that any tax-payer of a city may enjoin the incurring of illegal indebtedness or the misapplication of public money. (*McCord* v. *Pike,* 121 Ill. 288; *Wright* v. *Bishop,* 88 id. 302; *Chestnutwood* v. *Hood,* 68 id. 132; *Jackson* v. *Norris,* 72 id. 364; *City of Springfield* v. *Edwards,* 84 id. 626.) If the appellant has no right to condemn the property of the library for the purpose for which it is here sought to be condemned, and if appellees, as tax-payers and two of the *cestuis que trustent* for whose benefit the property is held, would have the right, by injunction, to prevent the illegal appropriation of the property, it would seem illogical to

hold that they have no such interest as would entitle them to be heard in the proceeding to take the property, but would be entitled to a hearing in another and different forum upon the same question and for the same purpose. In other words, if appellees might have enjoined the taking of the land by application to a court of equity, we see no valid reason for holding that to be their only remedy when the same result might be accomplished by objections in the county court. As inhabitants and tax-payers of the city, for whose use and benefit the library was established and the title to it held in trust, they were interested and concerned in the preservation of the property for the purposes to which it was devoted. In our opinion the court did not err in entertaining the objections and overruling appellant's motion to strike them.

It is also urged that the court erred in dismissing the petition. The appellant contends that even if the ordinance was void and the proceeding unauthorized in so far as the taking of the library property was concerned, that did not justify dismissing the petition as to the whole improvement but it should have been dismissed only as to the library property. The principle sought to be applied by appellant is, that if a provision of an ordinance relating to one subject be void and as to another it be valid, unless the two are necessarily and inseparably connected the valid provision of the ordinance may be enforced and the invalid provision disregarded. We do not think that principle applicable to this case. The taking of the library property was an essential part of the contemplated improvement by widening the street for a distance of three blocks. Whether the city might, by an ordinance and proceedings thereunder, have widened the street from Fifteenth street to Eighteenth street except where the street abutted upon the library property, if the ordinance had so provided, is not the question to be decided. The ordinance was for improving the street by widening it from Fifteenth street to Eighteenth street.

252—31

This required taking a strip of land belonging to the library abutting upon the street a distance of 160 feet. If this could not be taken, then the contemplated improvement by widening the street from Fifteenth street to Eighteenth street must fail. This conclusion is not based upon the ground that it would not be a public benefit to widen the street a part of the distance and leave it its present width a part of the distance,—for that is probably not a judicial question,—but it is based upon the ground that widening the street where it abuts upon the library property is an essential and material part of the improvement and its omission necessarily destroys the proposed improvement. *City of Chicago* v. *Hill,* 251 Ill. 502.

The judgment of the county court is affirmed.

*Judgment affirmed.*