(No. 18835.—

THE CITY OF CHICAGO, Appellee, *vs.* ADOLPH ROTH *et al.*— (MATHIAS BECKER *et al.* Appellants.)

*Opinion filed February 20, 1929—Rehearing denied April 3, 1929.*

WILLIAM T. HAPEMAN, for appellants.

SAMUEL A. ETTELSON, Corporation Counsel, GOTTHARD A. DAHLBERG, and WILLIAM T. CRILLY, (JOS. J. THOMPSON, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellants, Mathias Becker and Minnie Becker, his wife, were the owners of a lot 25 feet wide and 125 feet deep, fronting on North Western avenue, in Chicago. On this property was a two-story brick building. On April 23, 1925, the city of Chicago filed its petition in the superior

court of Cook county to condemn a strip 17 feet wide off of the front end of this lot for the widening of North Western avenue between Fullerton avenue and Belmont avenue. The strip condemned included two feet of the front of the building. The proceedings were under the Local Improvement act of 1897 as amended. On January 20, 1927, a final judgment was entered awarding to appellants $4700 for land taken and assessing against the remainder of the lot $413 as benefits. The assessment against the lot was certified for collection, and the assessment was paid by appellants on September 20, 1927. The building was moved back 12 feet, the work being completed about October 1, 1927. Appellants borrowed $3200 to pay the contractor for moving the building and to pay the assessment for benefits, and since that time they have been paying interest on the money so borrowed. The city, without paying the judgment, immediately took possession of the strip condemned and laid water mains therein. George I. Keefe, who was in charge of the payment of awards for property condemned by the city, testified that the city required the building to be moved at the property owner's expense and also required a deed and an abstract of title before paying the amount of the award. On November 15, 1927, appellants filed their petition in the superior court in the original condemnation proceedings, which set up the facts above stated and prayed that an order be entered directing the city to pay them the award forthwith; that upon the failure of the city to pay the award as directed the court order the city to pay interest on the award at the rate of five per cent from January 20, 1927, to date. There was a hearing on the petition, it was dismissed at appellants' costs, and an appeal has been prosecuted to this court.

It is insisted by appellants that the court erred in refusing to direct the city to pay the award or to pay interest on the award. It is contended by the city that where a property owner, in a proceeding under article 9 of the City

and Village act to condemn property for a local improvement to be paid for by a special assessment, voluntarily delivers possession to the city before the compensation is paid, the court has no power, on a petition filed by the owner in the original proceedings, to enter an absolute and unconditional judgment against the city for the amount of such unpaid compensation; that interest can only be recovered in actions purely *ex contractu* and where there is nothing tortious in the character of the indebtedness and in cases specified by the statute, or where there has been an express promise to pay interest, or where such a promise may be inferred from the circumstances in evidence; and that for these reasons the court was not in error in refusing to enter the order prayed for in the petition.

The Local Improvement act of 1897, and amendments thereto, (Cahill's Stat. 1927, p. 323,) provides a complete code for the condemnation of private property in the making of public improvements. Section 32 provides that the petitioner shall, within ninety days after final judgment has been entered as to damages and benefits, elect whether it will dismiss the proceeding or enter judgment on the verdict. If it shall elect to enter judgment it shall become bound thereby and liable to pay the amount thereof whether such assessment be collected or not, and such judgment shall not be conditional. Section 30 provides that any final judgment shall be a lawful and sufficient condemnation of the property to be taken upon the payment of the net amount of such finding. No appeal or writ of error shall delay the proceedings if the petitioner shall file in the case its written election to proceed with the improvement notwithstanding such appeal or writ of error, and shall deposit the amount of the judgment and costs as directed by the court. If the petitioner elects to make such deposit prior to the final determination of the appeal or writ of error it shall thereby become liable to pay to the owner the difference, if any, between the amount deposited and the amount ultimately ad-

judicated to be paid, and interest on such difference at five per cent from the date of making the deposit. Section 31 provides that upon proof that the amount awarded has been paid or has been deposited, the court shall enter an order that the petitioner shall take possession of the property. Section 1001 of chapter 24 (Cahill's Stat. 1927, p. 522,) provides that any city having a population of 200,000 or more, holding in its treasury any fund set aside for use for some particular purpose that is not immediately necessary for such purpose, may at any time, by ordinance, advance the money in such fund to the board of local improvements, to be applied toward the payment of any final judgment of condemnation rendered in any proceeding involving the taking or damaging of private property for a local improvement, the cost of which is to be defrayed wholly or in part by special assessment or special taxation.

This being a statutory proceeding, the court had jurisdiction to enter such orders as the statute authorized. After the final judgment was entered it was the duty of the city, if no appeal or writ of error was prosecuted, to pay the judgment, or, if an appeal or writ of error was prosecuted, the city had the right to deposit the amount of the judgment and costs. Upon proof that the amount awarded had been paid or deposited it was the duty of the court to enter an order for the city to take possession of the property. These provisions were disregarded. The city did not pay the award or deposit the amount of the judgment and costs. Appellants voluntarily vacated the property, and the city took possession and installed water mains. Whether appellants surrendered possession in ignorance of their rights is not material. By this disregard of the statute the court was without authority to enter the order for possession or to order the city to pay the award. In *City of Chicago* v. *Thomasson*, 259 Ill. 322, the owner of the property voluntarily surrendered possession before the judgment was paid or deposited. On page 327 this court said: "Such a situation

as is presented here was evidently not contemplated by this statute, as no proceedings were prescribed for cases where the owner voluntarily delivered possession to the city for the purpose of having the improvement completed before payment of the compensation. The statute proceeded upon the theory that the compensation awarded should be paid before the land was taken or damaged, and only such proceedings were provided for as would carry out and effectuate that purpose or provide for restitution in case the city should wrongfully take possession of the property before the payment of the damages awarded. We are unable to find in this act any authority for the entry of such a judgment as is prayed for by the petition under consideration. By voluntarily delivering possession of the strip sought to be condemned by the city the owners of the lots in question established a relationship to the city in reference to this proceeding that was not contemplated by the statute, and thereby deprived themselves to some extent of the protection vouchsafed land owners by this statute in the manner of securing the payment of the damages awarded them." It was also held in that case that the owner did not waive his right to compensation, but he could enforce his judgment by *mandamus* against the city. In *Mecartney* v. *City of Chicago*, 273 Ill. 276, possession was voluntarily surrendered by the owner before the compensation was paid, and it was held that he could maintain an action of trespass on the case against the city for the amount of his judgment and interest.

The court was without authority, under the statute, to enter the order sought by appellants in their petition, the petition was properly dismissed, and the judgment will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*