This is an action in eminent domain brought by the Territory of Hawaii against the City and County of Honolulu, a municipal corporation of the Territory, and certain private parties. The circuit court before trial heard an issue of pleading in advance of other issues of the case. The issue involves property which the Territory seeks to condemn for the University of Hawaii, but which the City and County alleges had already been appropriated by *Page 330 
itself for a municipal park. It is an issue arising out of the City's answer of denial to the Territory's amendment of its petition made in accordance with an order of court sustaining a demurrer, the amendment alleging that the proposed use by the university is a more necessary public use than a municipal park would be. The circuit court rendered its decision on that issue and in doing so considered as applicable the mandatory and jurisdictional requirement of "a more necessary public use" prescribed by section 304 of chapter 8, Revised Laws of Hawaii 1945, on eminent domain, but did not consider proof of ownership. To the court's decision the City and County of Honolulu excepted and its interlocutory bill of exceptions is certified to this court.
Upon this state of the record, this court finds that the property involved in both the issue and the decision is public property in so far as the pleadings which frame the issue are concerned. The language employed by chapter 8, supra, with respect to private property impels this court to raise suasponte the jurisdictional question whether or not the Territory of Hawaii may take public property by virtue of the chapter as an exercise of the right of eminent domain in the circuit court and, if not, whether or not the circuit court had authority to hear the issue as raised by the pleadings. An answer in the negative to these questions would transcend the alleged errors made the subject of exception and render it unnecessary to consider the grounds of the exceptions.
The right of eminent domain is the power of the Territory to take private property for a public use. It is not the power to take public property. The general acts of eminent domain (R.L.H. 1945, c. 8, § 301, et seq.) providing for the condemnation of property do not provide for the condemnation of public property, either in express terms or by necessary implication. On the contrary, they *Page 331 
do expressly provide, when read in para materia with each other, for the condemnation of private property, which necessarily excludes public property. This is demonstrated by section 301 of chapter 8, supra, which sets forth the "purposes for taking private property" and authorizes the taking of "private property" for those purposes, and also by section 304 thereof which designates the property to be taken by virtue of the chapter as being coextensive with "All real estate belonging to any person * * *." Neither can a reasonable inference be drawn from the chapter that admits of any taking of public property or permits the courts of the Territory to entertain jurisdiction of proceedings therefor, whether such public property belongs to the Territory or to its subordinate municipalities or other agencies of the Territory. Nor are any of the requirements for taking private property by virtue of the chapter applicable to any acquisition of public property. Public property is subject to the control of the Territory, which may authorize such public use of it as it sees fit. The legislature may authorize one use today and another tomorrow and, except where private rights are affected, its discretion is absolute. (See Edwardsville v.County of Madison, 251 Ill. 265, 96 N.E. 238, 37 L.R.A. [N.S.] 101.) In this jurisdiction, therefore, the right of eminent domain does not extend to public property. Indeed, it would be incongruous for the Territory to attempt to invoke the aid of the courts to condemn its own property or the public property of its political subdivision, created by the legislature, which by direct enactment has the power at any time to appropriate extrajudicially the property, to vest the Territory with it, to divest a subordinate municipality from it without compensation and to revest it in another agency as the legislature did in the case of McKenzie v. Wilson, reported in volume 31 of Hawaii Reports on page 216. *Page 332 
The Territory, however, argues that the legislature did not authorize the Territory to exercise the right of eminent domain with respect to public property, nor did the Territory attempt to exercise that right, but that the legislature in substance exercised extrajudicially the power of appropriation over public property of its subordinate municipality and at the same time created a claim for compensation in that municipality and directed the courts to pass upon such claim in conformity with the procedures prescribed in chapter 8, supra. This argument can not reasonably be premised upon Act 168, Session Laws of 1945, which expressly authorized the acquisition of certain private property "by purchase, condemnation or exchange" (S.L.H. 1945, A. 168, ser. F-240), the legislature not contemplating the acquisition of public property by any method. Nor can it reasonably be premised upon the Territory's unequivocal exercise of that authority in filing the instant action in eminent domain to condemn the property and in conforming its petition to the mandatory and jurisdictional requirement that "it must appear that the use to which such property is sought to be put is a more necessary public use than that to which it has already been appropriated" as provided by section 304 of chapter 8, supra,
which applies only to private "property heretofore appropriated to some public use * * *." It therefore must be premised upon Joint Resolution No. 13, Session Laws of 1947, which intervened before the issue of a more necessary public use was heard by the circuit court. But that resolution expressly ratified the authorization of Act 168, supra, to condemn private property and declared that "All that property more particularly described in Act 168 of the Session Laws of Hawaii 1945 may be acquired by condemnation proceedings instituted under the provisions of chapter 8 of the Revised Laws of Hawaii 1945." Inconsistently therewith, it implies that *Page 333 
the property is public property by declaring that "The use to which such property is sought to be put by the University of Hawaii is * * * a more necessary public use than that to which it has already been appropriated or for which any other territorial, or city and county agency now seeks to appropriate it." This resolution closely parallels, and is a complement of, the instant action. Both confuse private and public ownership of the property and imply that it is public property. One is in exercise of the authority to condemn private property and the other ratifies that authority. One presents an issue of a more necessary public use to the court for decision and the other attempts to obviate that decision by determining the issue itself. In short, the passage of the resolution amounts to nothing more than the act of the Territory through its legislative body to further its action in eminent domain to take property by virtue of chapter 8, supra,
and by virtue of nothing else. This theory of taking was consistently advanced by the Territory in the circuit court. It was likewise advanced on interlocutory appeal until this courtsua sponte raised the question of such taking with respect to public property when for the first time the Territory argued that the property had been appropriated extrajudicially by the legislature. The Territory, however, points to no language of the legislature that is reasonably susceptible to an interpretation supporting its argument, nor is this court able to find any. The legislature does not manifest, by express terms or by necessary implication, any intent to so appropriate the property or to create in the City and County of Honolulu a claim for compensation to be merely passed upon by the court entertaining the action in eminent domain. On the contrary, it manifests an intent that the property be condemned by virtue of chapter 8,supra, by ratifying the authorization therefor and by purporting to meet a requirement *Page 334 
of the chapter for such a taking. The argument of the Territory is, therefore, untenable.
In the opinion of this court, the circuit court has no authority to entertain jurisdiction of an action in eminent domain or to hear an issue in advance of the other issues in so far as that action attempts to take public property by virtue of chapter 8, supra, or in so far as that issue involves public property. Likewise the Territory has no authority to bring such action or the right to be heard on such issue. The issue in this case, therefore, should not have been heard, nor any requirement of taking by virtue of the chapter applied to public property. To that extent the circuit court erred and the exceptions are sustained. Other issues including those of ownership between the City and County of Honolulu and the private parties claiming the property, however, have never been determined in this case and for that reason the litigation must proceed.
The cause is remanded below for further proceedings consistent with this opinion.