JOHN PODMAJERSKY et al., Plaintiffs-Appellants, v. THE ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO et al., Defendants-Appellees.

First District (4th Division)   No. 84—608

Opinion filed March 14, 1985.

Daniel Nagle, of Nagle & Gallagher, of Chicago, for appellants.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellee Zoning Board of Appeals of the City of Chicago.

Thomas R. Burney, of Schain, Burney, Kenny & Wolfberg, of Chicago, for appellees Samuel J. and Alyse Siegel.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiffs, John and Annelies Podmajersky, appeal an order of the trial court which affirmed a zoning board decision that granted a variance to an adjoining property owner and which refused their request for a trial *de novo* under section 11—13—7 of the Illinois Municipal

Code (Ill. Rev. Stat. 1981, ch. 24, par. 11—13—7). At issue is whether the trial court erred in refusing plaintiffs' request for a trial *de novo*.

We affirm.

On July 14, 1983, defendants, Samuel J. and Alyse Siegel, who own property adjoining that of plaintiffs, applied for variation of a zoning ordinance to permit, in an R4 general residence district, the erection of a two-story single-family residence with no north side yard instead of the required 2.5 feet.

On August 19, 1983, the zoning board of appeals of the city of Chicago (the board) held a hearing on the matter, and on August 26, 1983, it issued its decision. The board found that the property, located at 2118 North Magnolia in Chicago, could not yield a reasonable return nor be put to reasonable use as a family residence because it would be very narrow if built in compliance with the side-yard requirement. The width of the lot is 25 feet. Granting a variation would not alter the essential character of the locality because a majority of improvements on the block did not comply with the side-yard requirement. The board granted a variation to the Siegels.

On September 27, 1983, plaintiffs filed a complaint for administrative review. They alleged that they owned a three-story frame building consisting of three apartments at 2120 North Magnolia, adjoining the Siegels' lot. Plaintiffs alleged that the board's decision was contrary to the manifest weight of the evidence and denied them the use and enjoyment of their property. On December 15, 1983, plaintiffs moved for a trial *de novo* under section 11—13—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 11—13—7). The trial court gave judgment for defendants. Plaintiffs appeal.

Section 11—13—7 of the Illinois Municipal Code provides for notice to owners of record where there is a request for a variation or special use. An applicant for a variation or special use must give notice to owners within 250 feet and tell the board who the owners are. The board must then give notice to the same persons within certain time limits before a hearing begins. This appeal is concerned with the interpretation of the second paragraph of section 11—13—7, which provides as follows:

> "Any property owner within the aforesaid 250 feet notice requirement, who entered his appearance and objected at the board of appeals hearing, and who shows that his property will be substantially affected by the outcome of the decision of the board may, without proof of any specific, special, or unique damages to himself or his property or any adverse effect upon his property *** appeal from any order, decision or decree of

the board of appeals provided such appeal is taken within the statutory period provided for appeals under the Administrative Review Act ***. If the board of appeals determines that the property of any such owner will not be substantially affected by the outcome of the decision of the board, such owner may initiate or join an appeal under the Administrative Review Act, as provided in this Section, in which appeal the property owner is entitled to a de novo trial on the issue of whether his property will be substantially affected by the outcome of the decision of the board of appeals, at which time he may present evidence." Ill. Rev. Stat. 1981, ch. 24, par. 11—13—7.

■ In construing a statute, the language should be given its plain and ordinary meaning. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46, 429 N.E.2d 492, 494.) We interpret this paragraph to mean that a property owner within 250 feet, who entered an appearance, who objected at the board of appeals hearing, and who showed that his property would be substantially affected by the board's decision, may appeal the judgment of the board. Additionally, any property owner who the board determined would not be substantially affected by its decision may initiate or join in an appeal. Such property owner is entitled to a *de novo* trial at which he may present evidence on the issue of whether his property will be substantially affected.

■ In the instant case, the board made no statement finding that plaintiffs would not be substantially affected by its decision. Thus, under the statute, plaintiffs were not entitled to a *de novo* hearing. They were entitled to appeal the administrative decision, which they did.

■■ The findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct. (Ill. Rev. Stat. 1981, ch. 110, par. 3—110.) The reviewing court's function is limited to ascertaining whether the findings and decisions of the agency are against the manifest weight of the evidence, and the decisions of the agency should be disturbed only if a review of the record indicates that they are against the manifest weight of the evidence. (*Mile Square Service Corp. v. City of Chicago Zoning Board of Appeals* (1976), 42 Ill. App. 3d 849, 856, 356 N.E.2d 971, 976.) In the instant case, the trial court found that the board's decision was not contrary to the manifest weight of the evidence where the board found that unless a variance was granted, the lot would not yield a reasonable return for a reasonable use and where it found that granting the variation would not alter the essential character of the locality because a majority of improvements on the block did not comply with

1076

the side-yard requirement. We hold that the trial court did not err in so ruling and that it properly refused plaintiffs' request for a trial *de novo*.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.