CHRISTIAN COUNTY FARMERS SUPPLY COMPANY, Plaintiff-Appellee,
v. GEORGE RIVARD, Defendant-Appellant.
Fifth District   No. 5—84—0149

Opinion filed March 25, 1985.

Frank B. Schweitzer, of Taylorville, for appellant.

Rocci L. Romano, of Hershey, Bliss, Beavers, Periard & Romano, of Taylorville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiff, Christian County Farmers Supply Company (Farmers Supply), a corporation organized pursuant to the Agricultural Co-Operative Act (Ill. Rev. Stat. 1983, ch. 32, par. 440 *et seq.*) (the Act), filed its January 13, 1983, complaint for damages in the amount of sums due and owing from defendant George Rivard for goods, merchandise and services received. After a bench trial, the circuit court of Christian County awarded substantially all the relief sought by Farmers Supply. The sole issue in this appeal is whether the trial court erred in refusing Rivard a setoff in the amount of preferred stock in Farmers Supply owned by Rivard.

There is no dispute as to the essential facts. Upon becoming a member in Farmers Supply, Rivard became the owner of one share of common stock. During the parties' business relationship, Rivard ac-

quired various shares of Class "D" and Class "E" preferred stock, as well as stock credit as to both classes. Among the "provisions" listed on each stock certificate of record is the following: "The association may and it hereby reserves the right to redeem or purchase any and all of the then outstanding *** Class 'D' *** or Class 'E' Preferred Stock of the association ***, in such amounts and from time to time as the Board of Directors may determine." Paragraph 9(h) of the amended articles of incorporation is essentially similar to the above-quoted provision. Under the amended articles of incorporation, the common stockholders of Farmers Supply are its members; common stock may only be issued to and owned by producers of agricultural products who are also patrons of Farmers Supply; common stock is nontransferrable; preferred stock may be transferred with the consent of Farmers Supply, and no restriction is stated regarding ownership of preferred stock by nonmembers. The Act provides that preferred stock may be sold to any person and that transfer of common stock to persons not engaged in production of agricultural products is prohibited. (Ill. Rev. Stat. 1983, ch. 32, par. 454.6.) Farmers Supply's bylaws provide that any common stockholder who ceases to be a producer of agricultural products or who fails to patronize Farmers Supply for one year shall forfeit his membership upon passage of a resolution by the board of directors finding such facts. Rivard is no longer engaged in farming and has not patronized Farmers Supply since 1981. So far as the record reveals, the board of directors has passed no resolution terminating Rivard's membership.

Section 10 of the Act, which sets forth various matters which an agricultural co-operative may provide for in its bylaws, states in pertinent part:

> "*** In case of the withdrawal or expulsion of a member, unless otherwise limited or restricted in the articles of incorporation or any amendment thereto, the board of directors shall equitably and conclusively appraise his membership and/or common stock interests in the association and shall fix the amount thereof in money, which shall be paid to him within one year after such expulsion or withdrawal." (Ill. Rev. Stat. 1983, ch. 32, par. 449(i).)

"Member" is defined in the Act as including actual members of associations without capital stock (not the case here), and holders of common stock in associations (such as Farmers Supply) organized with capital stock. Ill. Rev. Stat. 1983, ch. 32, par. 441(b).

■ Rivard contends that he has in effect withdrawn as a member of Farmers Supply and is therefore entitled to redeem his preferred

stock and preferred stock credits under section 10 of the Act. In general, absent contractual or statutory requirements to the contrary, a shareholder may not force a corporation to redeem or repurchase shares of stock. (See *Thompson v. Fairleigh* (1945), 300 Ky. 144, 147-48, 187 S.W.2d 812, 814; *cf. Meadows v. Bradshaw-Diehl Co.* (1954), 139 W. Va. 569, 581, 81 S.E.2d 63, 70; 18 Am. Jur. 2d *Corporations* sec. 284 (1965) (the directors of a corporation generally have discretion as to when the corporation's power to retire certain classes of stock should be exercised).) Rivard does not contend that Farmers Supply was contractually obligated to repurchase his stock. Thus, the issue presented is whether section 10 of the Act evidences our legislature's intent that an agricultural cooperative be required to redeem the shares of preferred stock of one who no. longer qualifies as a member.

■ We believe the answer is no. Leaving aside the fact that Rivard's membership in Farmers Supply was never formally terminated, the failure of the legislature to provide in section 10 for redemption of preferred stock, as such, or "stock" or "all stock," renders Rivard's contention without merit. Instead, section 10 refers to repurchase of "membership" and "common stock" interests. Given the Act's explicit differentiations between common stock and preferred stock, *e.g.* in respective provisions governing transfer of the two classes, we cannot view the legislature's reference to "membership" and "common stock" in section 10 as of the same import as a reference to "stock" or "all stock." A statute should be so construed, if possible, that no word, clause or sentence is rendered meaningless or superfluous. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 47, 429 N.E.2d 492, 494.) We conclude that the legislature did not intend the portion of section 10 relied upon by Rivard to apply to preferred stock. Parenthetically, the trial court did not expressly rely upon this distinction in his written order; however, the judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.

Rivard urges that we should look to the "evil sought to be remedied" by section 10 of the Act, *i.e.* (we are told), that a board of directors would otherwise have unbridled discretion as to when redemption shall be allowed. However, in general, this "evil" is inherent in any capital stock issue absent statute or agreement to the contrary. Also, this "evil" is not so great in the case of preferred stock, which may be freely transferred, as in the case of· the instant agricultural

cooperative common stock, which may not be transferred, as in the latter case no one else may buy the stock if the cooperative will not redeem it. Consistently, the Act provides for redemption in the latter case and not in the former.

Deciding, as we do, that section 10 of the Act insofar as relied on by Rivard does not apply to preferred stock, we need not consider Rivard's contention that the one-year valuation period set forth in section 10 may not be lengthened by agreement.

For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.

Affirmed.

JONES, P.J., and KARNS, J., concur.