JAMES C. KINDRED *et al.*, Plaintiffs-Appellants, v. RUSSELL R. STUHR *et al.*, Defendants-Appellees and Third-Party Plaintiffs-Appellants (Mahendra Bhakta *et al.*, Third-Party Defendants-Appellees).

Third District   Nos. 3—86—0661, 3—86—0664 cons.

Opinion filed May 12, 1987.

Gregory L. DePorter, of Colona (Alan Blackwood, of counsel), for Russell R. Stuhr and Jewell M. Stuhr.

Alan G. Blackwood, of Schrager, Blackwood & Nowinski, P.C., of Moline, for James C. Kindred, Wanda V. Kindred, Kid Bill Fitzpatrick, and Katherine Ann Fitzpatrick.

Thomas A. Blade, of Moline, for appellees Mahendra Bhakta and Manjula Bhakta.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, James and Wanda Kindred and Kid Bill and Katherine Fitzpatrick (sellers), entered into an installment contract with the defendants, Russell and Jewell Stuhr (original buyers), whereby the buyers purchased real estate and a motel business from the sellers.

The buyers subsequently sold the real estate and motel business to the third-party defendants, Mahendra and Manjula Bhakta (subsequent

buyers). The subsequent sale was approved by the sellers. Following the sale, the buyers failed to make the payments required under the agreement with the sellers. The sellers filed suit to recover the payments. The buyers answered and filed a third-party complaint against the subsequent buyers, alleging a failure to make payments under their contract. The subsequent buyers then filed a motion to dismiss and an election to void the contract claiming that their agreement with the original buyers was voidable for failure to comply with section 8.22 of "An Act relating to installment contracts to sell dwelling structures" (Ill. Rev. Stat. 1981, ch. 29, par. 8.22). The original buyers then filed a similar motion and election with regard to their agreement with the sellers. The trial court found that the motel was a dwelling unit. Further, the court found that because building "A" contained less than 12 units, the sellers had to comply with the requirements of the applicable statute. The court also found that the seller's warranty provision included in the contract failed to satisfy the statute's requirements. Thus, the buyer's motion to dismiss was granted. The sellers and original buyers have appealed their respective actions. The cases have been consolidated for appeal.

The sellers contend the following on appeal: 1) that the statute in question is not applicable because the real estate consists of 32 units, while the statute applies to structures containing 12 units or less, and 2) that the contract by which the property was sold complies with the statutory requirements. Because of the view we take in a preliminary issue, the seller's arguments need not be addressed.

The statute in question requires a seller in an installment contract of a dwelling structure to furnish the buyer with a certificate of compliance or an express written warranty. (Ill. Rev. Stat. 1981, ch. 29, par. 8.22.) The warranty must state that the seller has not received notice of any dwelling code violation which existed in the dwelling structure within 10 years of the execution of the installment contract. Any notices which have been received must be listed. (Ill. Rev. Stat. 1981, ch. 29, par. 8.22.) The issue to be addressed in this case is whether a motel constitutes a dwelling structure within the meaning of the applicable statute. The act defines a dwelling structure to be:

> "any private home or residence, or any building or structure to be occupied or resided in by 12 or less family units. *** Dwelling structures do not include public or private hospitals, public or private school dormitories, fraternity houses, convents, monasteries, mental institutions, penal institutions, seminaries, State-licensed nursing homes or shelter care homes, or any federal, State, county or municipal institution or home." Ill. Rev.

Stat. 1981, ch. 29, par. 8.21(b).

The case of *Hettermann v. Weingart* (1983), 120 Ill. App. 3d 683, 458 N.E. 2d 616, considered the issue. In that case, the structure consisted of a restaurant with an attached apartment. The appellate court found that an apartment attached to a business would fall under the term "dwelling structure." (*Hettermann v. Weingart* (1983), 120 Ill. App 3d 683, 458 N.E.2d 616.) In this case, however, the real estate consists of two structures. Both structures are a part of a motel. Building "A" has a manager's unit and 8 other rooms, which can be reserved. Building "B" has a total of 23 units. The trial court found that the manager's unit in building "A" constituted a dwelling structure, and, thus, the entire motel was within the statute's scope. This court disagrees with the trial court's analysis. The court is of the opinion that the motel does not constitute a dwelling structure within the meaning of the statute. When interpreting a statute it is necessary to ascertain and give effect to the legislative intent as expressed in the statute. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E. 2d 492.) In defining the term "dwelling structure," the legislature used the terms "occupied or resided in" and "family units." The motel, as opposed to the apartment in *Hettermann*, is not the type of structure where a family would be expected to reside or occupy. Ordinarily, motels are considered as transitory lodgings, not family dwellings.

The subsequent buyer contends, and the trial court found, that the manager's unit in building "A" is a family dwelling, and, thus, the whole structure is transformed into a dwelling. We believe that the manager's unit is incidental to the operation of the motel and not a family dwelling.

The subsequent buyer also contends that the exceptions listed in the statute with regard to the term "dwelling structure" are exclusive. We feel that the exceptions cannot be considered exclusive. To expect the legislature to list any and all possible exceptions would be unrealistic.

Consequently, because a motel does not constitute a dwelling structure as defined by the legislature, the statute does not apply.

For the foregoing reasons the judgment of the circuit court of Rock Island County is reversed and the case is remanded for further proceedings.

Reversed and remanded.

HEIPLE and WOMBACHER, JJ., concur.